**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 26-36039 |
| | § | |
| SHAYLA MACK, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**DEBTOR'S MOTION TO VACATE ORDER OF DISMISSAL AND REINSTATE CHAPTER 7 CASE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Shayla Mack, the Debtor in the above-captioned case ("Debtor"), files this Motion to Vacate Order of Dismissal and Reinstate Chapter 7 Case pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), made applicable to this case by Federal Rules of Bankruptcy Procedure 9023 and 9024, and respectfully shows the Court as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On August 18, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code through the Court's CM/ECF system.

3. On the Petition Date, Debtor also filed her Schedules, Statement of Financial Affairs, and Chapter 7 Statement of Current Monthly Income (Official Form 122A-1) as part of the filing at Docket No. 3. The Statement of Financial Affairs appears at pages 60–71 of Docket No. 3, and the Statement of Current Monthly Income appears at pages 76–78 of Docket No. 3.

4. On October 5, 2026, the Court entered an order dismissing this case for failure to file the Schedules, Statement of Financial Affairs, and Statement of Current Monthly Income (the "Dismissal Order") [Docket No. 18]. The Dismissal Order was modified on October 6, 2026 [Docket No. 18].

## III. RELIEF REQUESTED AND BASIS FOR RELIEF

5. Debtor requests that the Court vacate the Dismissal Order and reinstate this Chapter 7 case.

6. Rule 59(e) permits the Court to alter or amend a judgment to correct a manifest error of fact. Rule 60(b)(1) permits the Court to relieve a party from an order based on mistake, inadvertence, or excusable neglect, and Rule 60(b)(6) permits relief for any other reason that justifies it. This Motion is filed within fourteen (14) days after entry of the Dismissal Order and is therefore timely under Bankruptcy Rule 9023, and it is filed within a reasonable time under Bankruptcy Rule 9024.

7. The Dismissal Order rests on a mistake of fact. The documents identified as deficient were not missing; they were filed on the Petition Date at Docket No. 3, as described in paragraph 3 above.

8. To the extent the Dismissal Order was entered under 11 U.S.C. § 521(i)(1), that provision applies only when an individual debtor fails to file the information required by § 521(a)(1) within 45 days after the petition date. Debtor filed the required Schedules, Statement

of Financial Affairs, and Statement of Current Monthly Income on the Petition Date, well within the 45-day period. Accordingly, no basis for dismissal exists under § 521(i).

9. Debtor acted in good faith and has complied with her filing obligations. No creditor or party in interest will be prejudiced by reinstatement of the case, while Debtor will suffer substantial prejudice if the dismissal stands, including loss of the protections of the automatic stay and the bankruptcy discharge.

10. To the extent the Court determines that any of these documents should be docketed as separate filings, Debtor requests leave to re-file them as separate docket entries, and Debtor will do so within seven (7) days of the Court's order.

## IV. PRAYER

WHEREFORE, Debtor Shayla Mack respectfully requests that the Court (i) vacate the Order of Dismissal entered on October 5, 2026, as modified on October 6, 2026; (ii) reinstate this Chapter 7 case; and (iii) grant Debtor such other and further relief to which she may be justly entitled.

Dated: October _14_, 2026

Respectfully submitted,

THE DAVIS LAW FIRM

/s/ Shelly M. Davis-Smith
Shelly M. Davis-Smith
State Bar No. 24050487
3100 Richmond Avenue, Ste. 316
Houston, Texas 77098
Telephone: (713) 349-9299
Telecopier: (832) 767-6344
ATTORNEY FOR DEBTOR,
SHAYLA MACK

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a true and correct copy of the foregoing Debtor's Motion to Vacate Order of Dismissal and Reinstate Chapter 7 Case, together with the proposed order, was served electronically through the Court's CM/ECF system on all parties registered to receive electronic notice, and by first-class United States mail, postage prepaid, on the parties listed below and on all parties listed on the attached mailing matrix.

| | |
|---|---|
| Debtor (via first-class mail): | Shayla Mack<br>2840 Shadowbriar Drive, Apt. 420<br>Houston, Texas 77077 |
| Chapter 7 Trustee (via CM/ECF): | Jon Beatty<br>2100 Travis St Ste 1480<br>Houston, TX 77002-8783 |
| U.S. Trustee (via CM/ECF): | Office of the United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, Texas 77002 |

/s/ Shelly M. Davis-Smith
Shelly M. Davis-Smith